```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

JOHN H. MINOR                                            PLAINTIFF

VS.                                      CIVIL ACTION NO. 4:02CV4LN

EDWARDS ELECTRIC SERVICE                                 DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on motion of defendant Edwards Electric Service (Edwards Electric) for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff John H. Minor, proceeding pro se, has responded in opposition.[1]  The court, having considered the submissions of the parties, along with the relevant authorities, concludes that defendant's motion should be granted.

Minor filed this action against his former employer, Edwards Electric, alleging a claim for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et</u> <u>seq.</u>  Specifically, plaintiff alleges that he has a disability resulting from back problems and that defendant terminated his employment on account of his disability.  Defendant

---

[1] In response to the instant motion, plaintiff filed an assembly of documents which included handwritten notes, copies of defendant's exhibits bearing his handwritten comments, copies of excerpts from a possible book or article on disability discrimination, and a portion of the Social Security Administration decision on his disability application.  Despite the fact that a majority of plaintiff's handwritten notes are illegible and the bulk of the documents presented do not constitute competent evidence, the court has made every effort to review and consider his submissions and decipher his position with respect to defendant's motion for summary judgment.

denies plaintiff's allegations, and asserts that plaintiff was not terminated because of any alleged disability but rather simply was laid off along with numerous other employees. In its present motion, defendant seeks summary judgment on the bases, first, that plaintiff is not disabled within the contemplation of the ADA, but that even if plaintiff had a disability, defendant did not terminate him because of that disability and in fact had no knowledge of his alleged disability and was never requested to and never refused to accommodate any alleged disability.

A review of the record discloses that plaintiff had a history of back problems prior to the time he became employed as an electrician with defendant on May 23, 2001,[2] though there is nothing to suggest defendant was aware of this when it hired him. Plaintiff claims in June 2001, when faced with a project on the job that he feared might aggravate his back problems or cause him additional injury, he asked his foreman for assistance. Approximately two days later, on June 21, 2001, plaintiff was told he was being laid off.

Plaintiff filed an Equal Employment Opportunity Commission (EEOC) charge, claiming he believed he was discriminated against on account of his disability because Edwards Electric fired him

---

[2] Plaintiff is a resident of Alabama and was hired by defendant for work on a project in Calera, Alabama. He initially filed this suit in the United States District Court for the Northern District of Alabama, but the case was transferred to this court because Edwards Electric is located in Philadelphia, Mississippi.

2

after he asked for an accommodation.  Plaintiff also alleged in his charge that he had been given several reasons for his termination, including allegations that he was standing around on the job, he was "caught in a lay off," and he had provided inaccurate information on his application for employment.

The ADA prohibits covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual" in regard to various facets of the employment relationship.  42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination under the ADA, plaintiff must show that (1) he has a disability; (2) he is qualified for the job in question, either with or without accommodation; and (3) an adverse employment decision was based on his disability.  See Ceasar v. United Services Auto. Ass'n, 102 Fed. Appx. 859 (5th Cir. 2004); Hamilton v. Southwestern Bell Telephone Co., 136 F.3d 1047, 1050 (5th Cir. 1998).  "Once the plaintiff makes his prima facie showing, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the adverse employment action."  Gowesky v. Singing River Hosp. Systems, 321 F.3d 503, 511 (5th Cir. 2003).  "Once the employer articulates such a reason, the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination."  Id.

In its motion for summary judgment, Edwards Electric first argues that plaintiff is not disabled and thus does not fall

3

within the ambit of the ADA. The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). As the court in Hamilton explained,

> The ADA defines neither "substantially limits" nor "major life activities," but the regulations promulgated by the EEOC under the ADA provide significant guidance. Whether an impairment is substantially limiting is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact. The EEOC regulations adopt the same definition of major life activities used in the Rehabilitation Act. "Major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

136 F.3d at 1050 (footnotes and citations omitted).

In his deposition, Minor testified that at the time he worked for defendant, he had a history of back problems and had reservations about performing job assignments which required heavy lifting. Minor testified that he told his foreman that he was concerned that a particular task he was assigned might injure his back and the foreman reassigned him to a different task. He further testified that he discussed his back situation with the "safety man," explaining that he had a bad back, but he could do his work. He insisted that he could perform his work as an electrician, and the record reflects that plaintiff worked between thirty-eight to fifty-eight hours per week in the weeks leading up to his lay off. Defendant contends, and correctly so, that back problems and lifting limitations do not constitute disabilities under the ADA. See Ray v. Glidden Co., 85 F.3d 227, 229 (5th Cir.

4

1996) ("inability to perform heavy lifting does not render a person substantially limited in the major activities of lifting or working"); McNally v. Choctaw Maid Farms, Inc., 12 F. Supp. 2d 539, 543 (S.D. Miss. 1998)(noting that a lifting restriction does not constitute a disability under the ADA); Rakestraw v. Carpenter Co., 898 F. Supp. 386, 390 (N.D. Miss. 1995)(noting that several courts have found that a back injury did not constitute a disability).

In his response to the motion, plaintiff maintains that he suffers from back problems, but is able to work as an electrician, with accommodation. In the court's opinion, however, plaintiff has failed to present sufficient competent evidence to substantiate his claim. Notably, the record discloses that plaintiff filed for disability benefits with the Social Security Administration on January 9, 2001, before he went to work with defendant. Included in plaintiff's response to defendant's motion is an excerpt from a September 5, 2002 social security determination in which the administrative law judge concluded that plaintiff had been disabled since January 5, 2000. Although the excerpt does reflect a finding that plaintiff suffered from "'severe' impairments," including back problems and bipolar disorder, the pages provided (which are pages 3 and 4 of the determination, only) do not establish that plaintiff was found to be disabled on account of his back condition. In fact, the portion of the disability determination with which the court has

5

been favored seems to indicate that the social security disability determination was based on plaintiff's bipolar disorder.  That is, although the ALJ did find plaintiff had a severe impairment based on his back problems and bipolar disorder, the finding that he was disabled appears to have been based on the latter condition.  The ALJ specifically found that plaintiff's bipolar disorder satisfied all requirements for a finding of disability because of an affective disorder and the ALJ thus found plaintiff's bipolar disorder rendered him disabled.  However, while it isclear from the excerpt provided by plaintiff that his bipolar disorder was considered severe enough to qualify him for social security disability, there is nothing in these pages to indicate that plaintiff's back problems, standing alone, would have supported a finding that his back problems rendered him disabled.[3]

Because this is the only evidence plaintiff has offered which can be construed as an attempt to show that he is disabled, the court finds that he has failed to meet his burden.

The court, having considered the materials submitted by the parties, concludes that plaintiff's evidence is not sufficient to support a finding that his proffered back problems substantially limit a major life function.  As such, the court finds that he has

---

[3] Plaintiff's argument focuses on his back problems, not his bipolar disorder, and its effect on his ability to work as an electrician and his need for assistance with heavy lifting on the job.  It does not appear that he is arguing that he was discriminated against by Edwards Electric as a result of his bipolar disorder.

6

failed to meet his prima facie burden to show that he is disabled as a result of his back problems.

Based on the foregoing, it is ordered that defendant's motion for summary judgment is granted.[4]

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

SO ORDERED this 3rd day of March, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4] Defendant also points out that plaintiff filed for Chapter 13 bankruptcy in 2003, after filing this action in 2001. Defendant argues that plaintiff should be judicially estopped from pursuing this action based on his failure to list his claims against Edwards Electric in his declaration. Because the court has concluded that summary judgment is warranted based on other grounds, it declines to reach this alternative argument.